DAVID BINGHAM *vs.* FRANCIS O. J. SMITH.

*Levy of execution—waived at creditor's option.   Tax.*

Proceedings for making a levy upon his debtor's real estate are instituted by the creditor of his own motion, and for his own benefit; and he may accept or reject it when made without assigning any reason for making his election.

If seisin be not delivered to him, or he decline to accept it, the levy will be void, and another extent may be made by force of the same execution at any time before the return day, without any application to court.

If the debtor lives out of the state and has no attorney therein, and therefore is not entitled to choose an appraiser, the levying officer need not return that the debtor neglected to choose an appraiser as a reason for appointing two by the officer.   It is enough to state the non-residence of the debtor, and that he has no attorney.

Premises described for the purposes of taxation and tax sale as "land, east corner of Congress and Exchange streets, extending through to Market," are not sufficiently identified to pass a valid title.

ON REPORT.

REAL ACTION in which the demandant demands two parcels of land situate upon Market, Exchange and Congress streets in Portland.   The lot described in his first count he claims by virtue of a levy of an execution thereon in his favor against the defendant; that described in his second count he purchased at a sale thereof to satisfy a tax assessed upon it and against said Smith as its non-resident owner.

At the April term, 1871, of this court for Cumberland county, David Bingham recovered judgment against Francis O. J. Smith for $8,984.64 debt and $14.16 costs.   Execution issued upon this judgment May 18, 1871, and upon the twenty-ninth day of the same month the officer to whom it was committed for collection extended it upon certain land in the vicinity of the demanded premises and made return of his doings, as did the appraisers, upon the execution.   The creditor indorsed upon the execution a written refusal to accept seisin, and the officer made return of such refusal, and that the execution was in no part satisfied.

Mr. Smith, prior to this levy, had made this indorsement upon the execution :

"PORTLAND, May 29, 1871.

Neither myself, nor any attorney of mine residing in the county of Cumberland, but being myself at this time temporarily at Portland in said county, I hereby acknowledge to have been duly notified by the officer having this execution for service to choose an appraiser. I have accordingly done so—to wit: Ezra Carter.

F. O. J. SMITH."

Upon the first day of June, 1871, the creditor's attorney made this additional indorsement upon the execution :

"June 1, 1871. All proceedings on this execution prior to this date are waived, the creditor refusing to receive delivery of seisin of the property appraised.

DAVID BINGHAM, by J. & E. M. RAND, his attorneys."

On the fifth day of June, 1871, three appraisers were chosen, neither of whom had acted upon the twenty-ninth day of May, who appraised a different parcel of land from that taken May 29, 1871; of this the creditor accepted seizin in satisfaction of his execution, and it is the same demanded in the first count in his writ. In his return of this last levy the officer stated that one appraiser was chosen by the creditor, one by him, the officer holding said execution for service, and the third "appointed by me for Francis O. J. Smith, the within named debtor, for the reason that neither the said debtor nor his attorney reside in the county where the land lies."

The lot described in the second count was conveyed by John W. and Alvin Deering to Mr. Bingham by quitclaim deed dated August 9, 1872, and purporting to convey such titles as they had obtained upon sales of the land for non-payment of taxes assessed thereon. In the assessment and other books and returns the premises were described as "land, east corner of Congress and Exchange streets extending through to Market," and this description was referred to in the treasurer's deeds to the Messrs. Deering.

*J. & E. M. Rand* for the demandant.

*F. O. J. Smith* and *Bradbury & Bradbury* for the tenant.

The levy of June 5, 1871, was void because the execution by force of which it was made had become *functus officio* by the prior levy of May 29, 1871. *Darling* v. *Rollins*, 18 Maine, 405.

The creditor has no absolute right to refuse seisin, but can do so only for some one of the causes specified in the statute ; R. S., c. 76, § 16 ; no one· of which was assigned or existed, in this case. No waiver is effectual until judgment of the court thereon in an action of debt on the judgment or *scire facias* for a new execution. *Davis* v. *Richmond*, 14 Mass., 480 ; *Gorham* v. *Blazo*, 2 Maine, 237 ; *Kendrick* v. *Wentworth*, 14 Mass., 57.

It was void because of the officer's failure to notify the debtor to choose an appraiser, and to return that the debtor neglected to do so. *Nickerson* v. *Whittier*, 20 Maine, 227 ; *Wellington* v. *Fuller*, 38 Maine, 61; *Jewett* v. *Whitney*, 51 Maine, 233 ; *Boynton* v. *Grant*, 52 Maine, 229 ; *Whitman* v. *Tyler*, 8 Mass., 284; *Eddy* v. *Knap*, 2 Mass., 155 ; *Leonard* v. *Bryant*, 2 Cush., 37; *Shields* v. *Hastings*, 10 Cush., 247; which is decisive upon this point.

A fraud was practiced upon the debtor in concealing from him all knowledge that the creditor refused to accept seisin under the first levy, and all notice to choose an appraiser under the second. *Pullen* v. *Pemblecke*, 1 Raymd., 346, 718 ; *Hilton* v. *Hanson*, 18 Maine, 397 ; *Mansfield* v. *Jack*, 24 Maine, 103.

At least the appraiser already designated by the debtor, Mr. Carter, should have been called upon to act the second time. The appraisers of June 5, 1871, designedly so set off the property as to depreciate the value of the part taken and of the part left. This avoids the levy.

DICKERSON, J. The statute requires an officer making a levy of an execution on real estate to deliver seisin and possession thereof to the creditor or his attorney. This formality is a necessary pre-requisite to constitute a valid levy. When this is not done it is nôt necessary to apply to the court to have the execution superseded before a new levy can be made, but a new levy

Bingham *v.* Smith.

may be made on the same execution, if in life, the previous proceedings being void *ab initio*. R. S., c. 76, § 5 ; *Darling* v. *Rollins*, 18 Maine, 407.

We think that a like result follows when, as in the case at bar, the officer's return on the execution shows that the creditor refused to receive seisin and possession of the land levied on when tendered to him, and the creditor himself certifies his refusal on the execution. The creditor is not obliged to take the land, and cases may not unfrequently arise where it would be unwise for him to do so. In the interval between the levy and the tender of delivery of seisin and possession he may have discovered a defect in the debtor's title, or found personal property with which to satisfy his execution, or there may have been an over-valuation. The creditor institutes the proceedings for making a levy of his own motion and for his own benefit, and may accept or reject it when made, with or without assigning any reason for his decision. When a creditor's rejection of the land levied upon is evidenced by the officer's return and his own certificate upon the execution, no title to the land passes to him by the levy, and the proceedings in making it become void, in the same manner as in the case where the officer's return shows that he did not deliver seisin and possession to the creditor. We see no substantial reason for requiring the creditor to sue out a writ of *scire facias* for an *alias* execution, or of debt for a new judgment before he can make another levy in the former case, and allowing him to make another levy on the same execution in the latter one. To make such distinction, on the contrary, is to subject a creditor, who thus exercises his legal right to reject a levy, to great expense, vexation and delay, as well as the risk of losing his debt altogether, for no legal purpose.

The levy of the twenty-ninth day of May failing because the creditor refused to receive delivery of seizin and possession of the land levied on, the officer had authority to make a new levy on the same execution, and proceeded to do so on the fifth day of June following. We do not perceive any defect in that levy. It con-

tains all the formalities of a valid levy. The officer's return shows that the debtor did not reside in the county where the land levied on was situated, and that he had no attorney residing there. In such cases the officer may appoint an appraiser for the debtor without notifying the debtor or his attorney to do so, as he did in this case. There can be no "neglect" of a debtor to choose an appraiser when he is not entitled to notice to choose one; nor can the officer be required by the statute "to allow the debtor a reasonable time therefor," when he is not bound to notify him at all. The "reasonable time," mentioned in the statute, is the time that elapses between giving notice and appointing an appraiser. It is impossible to determine whether "reasonable time to choose an appraiser" was "allowed," in a given case, when either of these data is wanting. The "neglect" of the debtor to choose an appraiser, in the meaning of the statute, commences at the expiration of the "reasonable time" "allowed therefor;" when that is indeterminate, there is no criterion for determining the question of neglect. To hold, therefore, that an officer's return is fatally defective because it does not show that the debtor "neglected to choose an appraiser" when he was neither bound by law, and did not undertake to notify him to do so, is to require such officer to commit a palpable absurdity. R. S., c. 76, § 1.

The case of *Nickerson* v. *Whittier*, 20 Maine, 227, is directly in point. In that case the creditor chose one of the appraisers, the officer another, and also one, as he certified in his return "for the within named debtor who having no residence or place of abode in this county,—Waldo—and after the most diligent search not being able to find him in my precinct, I could not notify him to choose an appraiser." The court held the levy valid.

In delivering the opinion of the court, Shepley, J., says: "When the officer is required to notify the debtor to appoint an appraiser, he must return that he has neglected or refused to appoint, to prove his authority to appoint one for him. But there are cases in which our statute does not require the debtor should have notice to appoint, and in these cases it is necessary that the officer

should return such facts as would prove his authority to appoint without notice to the debtor. The officer is required to notify, if the debtor be living in the county where such land lies. In this case the officer does return such facts as prove his authority to appoint for the debtor; and that is all that the statute requires." The officer did the same in the case at bar, and we have no doubt the levy is valid.

The authorities cited by the defendant's counsel do not sustain the position, that the levy is void because the officer appointed an appraiser for the debtor without returning that he "neglected" to appoint one. In *Wellington* v. *Fuller*, 38 Maine, 61, the officer appointed an appraiser for the debtor where his return showed that the debtor's family resided in the county where the land levied on was situated. The case of *Shields* v. *Hastings*, 10 Cush., 247, claimed by the counsel to be conclusive in support of his position, arose under a statute which does not authorize the officer, as our statute does, to choose an appraiser for the debtor when he resides out of the state, and has no attorney in it. So in *Leonard* v. *Bryant*, 2 Cush., 37.

We have not found, nor should we expect to find a single authority which requires the officer, as a pre-requisite of his authority to appoint an appraiser for the debtor, to return that the debtor "neglected" to appoint an appraiser, when the statute does not require the officer to give the debtor notice to appoint one.

The charges of collusion between the officer and the plaintiff's attorney, and the imputation upon the integrity of the appraisers in making the levy contained in the argument of the defendant are not warranted by the facts in the case, and should never have been made.

The plaintiff's claim of title, by a tax deed to land not covered by the levy is not very much relied upon in the argument, and is not sustained by the evidence. The description of the premises is uncertain and insufficient. *Judgment for the demandant on the first count in the writ.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.